IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILIO CALAFORRA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-02298 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER ON MOTION FOR ATTORNEY'S FEES

William Herren ("Herren"), the attorney for Plaintiff Emilio Calaforra ("Calaforra"), requests, under 42 U.S.C. § 406(b), an award of fees allegedly due to him under a contingency agreement with Mr. Calaforra. (Motion to Approve Attorney Fees Pursuant to 42 U.S.C. § 406(b) ["Plaintiff's Motion"], Docket Entry #20). Respondent Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Defendant," "Commissioner"), has opposed the motion, and Herren replied. (Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. §406(b) ["Defendant's Response"], Docket Entry #21; Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ["Plaintiff's Reply"], Docket Entry #22). After considering the pleadings, the evidence submitted, and the applicable law, the court **ORDERS** Plaintiff's Motion **GRANTED,** in part, as explained below.

### Background

Plaintiff Emilio Calaforra filed his complaint on August 10, 2015, to challenge the Commissioner's decision to deny his application for Social Security Disability Insurance Benefits, under Title II of the Social Security Act ("the Act"). (Complaint, Docket Entry #1, at

1). On February 1, 2016, the parties consented to proceed before a United States magistrate judge for all purposes, including the entry of a final judgment under 28 U.S.C. § 636(c). Both parties then filed motions for summary judgment. On September 15, 2016, the court granted Calaforra's motion for summary judgment and remanded the claim to the administrative level for further consideration. (Memorandum and Order, Docket Entry #14, at 35). On remand, the SSA reversed its earlier determination and awarded Plaintiff the sum of $41,579.00 in past-due benefits. (Plaintiff's Motion at Ex. C). The SSA then withheld twenty-five percent of that award, or $10,394.75, "for possible attorney fees." *Id.* From the amount withheld, the SSA paid $6,000.00 to Herren for his work at the administrative level, leaving $4,394.75 remaining. (*Id.*).

On August 15, 2017, Plaintiff's counsel, Herren, filed this motion for attorney's fees. Herren contends that he is entitled to twenty-five percent of all of the sums recovered in this case, because he and his client, Calaforra, executed a contingency fee agreement that provided for an award of twenty-five percent of any past-due benefits that might be awarded. (See, Plaintiff's Motion at 1-2, and Exhibit A). This, according to Herren, includes the award of fees ordered pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $7,531.57, by this court on December 21, 2016. (*Id.*; Docket No. 18 and 19). Herren insists that "plaintiff's past due amount is increased by the amount of [the] EAJA fee to $49,110.57 and 25% of that amount is $12,277.64." (*Id.*). Because he has already received $6,000.00 from the original amount withheld, Herren now seeks an additional payment of $6,277.64.

The Commissioner does not object to an award of a reasonable fee to Herren, so long as it does not exceed twenty-five percent of the total amount of past due benefits. (Defendant's Response at 2-3). The Commissioner points out that it is Herren's burden to show that the fee

sought is reasonable, and she "defers to the Court's determination of the reasonableness of [the] requested fee." (*Id.* at 5, 9). The Commissioner argues, however, that Herren has calculated the fee incorrectly, and she insists that "the court should award the entire 406(b) amount of $4,394.75 remaining for Mr. Herren's work before the district court, and then Mr. Herren must refund this lesser fee received to the Plaintiff." (Defendant's Reply at 6-8).

## Discussion

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht, et al v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817 (2002); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013)(holding that 406(b) fees are authorized in cases in which an attorney obtains a favorable decision on remand). Both sections 406(a) and 406(b) allow a reasonable fee for such representation. 42 U.S.C. §§ 406(a)(2)(A)(ii), (iii); 406(b)(1)(A). But the combined fees under §§ 406(a) and 406(b) may never exceed twenty-five percent of past-due benefits. *Rice v. Astrue*, 609 F.3d 831, 834-35 (5th Cir. 2010); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Additionally, the fees awarded for representation at the administrative level under 406(a) may not exceed $6,000.00. See, 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed.Reg. 6080-02. Although there is not a similar cap on the dollar amount for fees at the district court level, it is a misdemeanor offense for any attorney to charge, demand, or collect "any amount in excess" of that which is authorized under § 406(b).

Section 406(b) is not, however, the exclusive avenue by which one may recover attorney's fees in SSA claims that are heard by the district courts. *See, e.g. Gisbrecht*, 535 U.S. at 796. Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not "substantially justified." *Id.*; § 2412(d)(1)(A). However, allowing a party to recover fees under both § 406(b) and the EAJA for the same representation could create a double recovery and allow the attorney to receive an "amount in excess" of what is permitted under § 406(b). *See, Rice*, 609 F.3d at 835-836. To prevent this, "Congress harmonized the fees payable by the Government under the EAJA with fees payable under § 406(b) out of the past-due Social Security benefits . . . : Fee awards may be made under both statutes, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (*citing* Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186); *Rice*, 609 F.3d at 836.

In this matter, Herren has previously received an award of $6,000.00 for representing Calaforra in the administrative proceeding, which is the maximum recovery under the statute.[1] (See, Plaintiff's Motion at Exhibit C). He now is seeking recovery under § 406(b) for representing Calaforra before this court. (Plaintiff's Motion at 1). It is undisputed that § 406(b) permits Herren to collect a reasonable fee for his representation at the district court level, out of the past due benefits that were awarded to Calaforra, but not to exceed twenty-five percent of that award. *Jackson*, 705 F.3d at 531. The Commissioner is correct, however, that Herren has calculated the fee incorrectly.

Calaforra was awarded "past due Social Security benefits" in the amount of $41,579.00. (Plaintiff's Motion, Ex. C). Calaforra was also awarded attorney's fees in the amount of

---

[1] Although the letter from the SSA does not directly state the payment of $6,000.00 to Herren is an award under § 406(a), the SSA can only award fees for work at the administrative level. *Rice*, 609 F.3d at 835.

$7,531.57 under the EAJA. Herren argues that the EAJA fee award of $7,531.57 is a "past-due benefit." He contends that it should be added to the SSA award, and that he should receive twenty-five percent of the total amount. (Plaintiff's Motion at 2) ("An EAJA award effectively increases the claimant's past due benefits.") (citing *Gisbrecht*, 535 U.S. at 796). Herren concedes that there is no legal authority to support his attempt to "stack" the EAJA award and the past-due benefits award for purposes of calculating the fee amount under § 406(b). (Plaintiff's Response at 1-2)("Movant *has not found any case law* addressing the question, i.e., whether the attorney can or should be compensated by the claimant, pursuant to the contingent fee agreement, for her services in obtaining EAJA funds . . .") (italics in original). This is because any attempt to do so is contrary to well established law.

The Supreme Court in *Gisbrecht* stated, quite clearly, that "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796. An EAJA award does not increase the amount of the past-due benefits award, as Herren argues. Instead, it allows the claimant to keep more of the past-due benefits by compensating the attorney with EAJA funds, rather than with funds from the benefits themselves. *Id*. In this case, twenty-five percent of the past-due benefits awarded by the SSA is $10,394.75, and this is the most that can be awarded to Herren under Sections 406(a) and 406(b) combined. Because Herren has already received $6,000.00 as a § 406(a) award, the most he can recover under 406(b) is $4,394.75. If he recovers fees under both the EAJA and § 406(b), then Herren must refund the lesser of the awards.

*The Timing of the Request*

Any request for fees under § 406(b) must be timely made. *Pierce v. Barnhart*, 440 F.3d 657, 663–64 (5th Cir. 2006). 42 U.S.C. § 406(b) sets no deadline for the filing of a motion for attorney's fees. For that reason, the Fifth Circuit has concluded that the deadline to file a motion under § 406(b) is set under Rule 54(d)(2) of the Rules of Civil Procedure, which requires the motion be filed "no later than 14 days after entry of judgment." *Pierce*, 440 F.3d at 663–64; (citing FED. R. CIV. P. 54(d)(2)(B)(I)). Recognizing that it was unlikely a claimant would resolve his claim at the administrative level within fourteen days of the case being remanded, the Fifth Circuit in *Pierce* concluded that the deadline to file a motion for attorney's fees could be "extended by order of the court" to allow a plaintiff to file it following an award of benefits by the Commissioner. *Pierce*, 440 F.3d at 664; *see also, Wilcox v. Astrue,* No. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010) ("Courts routinely entertain § 406(b) requests filed after the 14-day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment, rendering observance of this deadline frequently impractical."). The deadline will not be extended indefinitely, however, and the fee request must be made within "a reasonable time." *Compare Charlton v. Astrue,* No. 3:10-CV-0056-O-BH, 2011 WL 6325905 (N.D. Tex. Nov. 22, 2011) (finding motion timely when filed within five weeks of the Notice of Award ("NOA")), and *Foster v. Astrue*, No. H-09-173, 2011 WL 4479087 (S.D. Tex. Sept. 26, 2011) (finding motion timely when filed approximately four months after NOA, but where defendant did not argue motion was untimely), with *Rice v. Astrue*, 831 F. Supp. 2d 971, 982 (N.D. Tex. 2011) (finding motion untimely when filed one year after NOA), and *Brown v. Comm'r of Soc. Sec. Admin.*, No. 05–1336, 2008 WL 2705457 (W.D. La. July 10, 2008) (finding motion untimely when filed almost five months after NOA).

This case was remanded to the Commissioner on September 15, 2016. (Docket No. 14, 15). The Commissioner issued a fully favorable decision on July 26, 2017, and issued a letter explaining that it was withholding $10,394.75 for payment of attorney's fees on August 5, 2017. (Defendant's Response at 9, Plaintiff's Motion at Ex. C). Herren filed this motion on August 15, 2017, ten days later. The Commissioner does not argue that this was untimely. (See Defendant's Response at 9). On these fact, it is clear that Herren has filed this motion requesting fees within a reasonable time, and it is timely.

### *Reasonableness of the Fee Request*

The court must now decide the amount, if any, Herren should receive under § 406(b). Herren's fee award in this case is governed, in part, by the contingency fee agreement that he and Calaforra executed which allowed for a "fee of 25% of the past-due benefits resulting from the claim." (Plaintiff's Motion at Ex. A). Even though this contingency fee agreement is within the statutory ceiling, § 406(b) requires the court to review the "arrangement as an independent check, to assure that [it] yields reasonable results" in the case. *Gisbrecht*, 535 U.S. at 807. If the contingent fee award is large "in comparison to the amount of time counsel spent on the case, a downward adjustment is in order" to prevent a windfall to the attorney. *Id.* at 808. The burden is on Herren to show that it is a reasonable fee. *Id.* at 807.

The Fifth Circuit has described some of the factors that should be considered when assessing the reasonableness of an attorney fee award. *Jeter v. Astrue,* 622 F.3d 371, 377 (5th Cir. 2010). While consideration must be given to the contingency fee agreement, the "starting point . . . is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Jeter,* 622 F.3d at 378 (quoting *Brown v. Sullivan*, 917 F.2d 189, 192 (5th Cir. 1990)). This, though, is but one factor to consider, and "alone cannot constitute *the*

basis for an 'unreasonable' finding." *Jeter*, 622 F.3d at 381 (emphasis in original). Instead, the court can consider the "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id*. at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). Other factors to consider are the quality of the attorney's representation, whether the attorney engaged in dilatory conduct to increase the amount of past due benefits, and whether the award constitutes a "windfall" for the attorney. *Jeter*, 622 F.3d at 377 (citing *Gisbrecht*, 535 U.S. at 808). "If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Id*. at 381.

In his request for an award of attorney's fees under the EAJA, Herren documented 39.20 hours of attorney work. (Docket No. 16). If he is awarded the remaining amount that was withheld by the SSA, $4,394.75, the resulting hourly rate will be $112.11. This is far below rates that have been approved by other courts, and is lower than the hourly rate that was approved in Herren's EAJA request. *See, e.g., Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506 (N.D.Tex. August 12, 2014)("de facto hourly rate of $1,245.55 per hour" was not an unearned windfall), *Prude v. U.S. Comm'r Soc. Sec. Admin*, No. 11-CV-1266, 2014 WL 249033 (W.D.La. Jan. 22, 2014) (hourly fee of $937.50 was reasonable, in light of the other factors considered); *Smith v. Berryhill*, No. 3:15-CV-686-M-BH, 2017 WL 1501542 (N.D.Tex. April 6, 2017)(approving fee when effective hourly rate was $771.16). It is a reasonable hourly fee in this matter.

Considering some of the other factors suggested in *Jeter*, it is clear that Herren obtained a good result for his client. He filed a motion for summary judgment and a memorandum supporting the motion, which resulted in the matter being remanded. At the administrative level, Plaintiff was then awarded social security benefits and he received an award of past-due benefits. There is no indication that Herren caused any unnecessary delay in the proceedings at the district court level. The amount requested is in accord with the fee agreement signed by Calaforra. Herren assumed the risk that no benefits would be awarded and that he would receive nothing, in exchange for the possibility that he would be paid twenty-five percent of the recovery. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009). Taking these factors into consideration, the requested fee does not result in a windfall to the attorney because the award of past-due benefits totaling $41,579.00, and the continuing award of monthly disability benefits to Plaintiff, was the direct result of his advocacy. Under these circumstances, the contingency fee agreement does not yield an unreasonable fee award or a give a windfall to Herren. For that reason, Herren should be awarded the sum of $4,394.75 in attorney's fees.[2]

## Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Approve Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**, in part.

---

[2] As noted, Herren was previously awarded fees pursuant to the EAJA. Ordinarily, he would be required to refund the smaller fee to Calaforra. *Gisbrecht*, 535 U.S. at 796. Here, Herren represents that he did not receive the EAJA fee, and instead it was credited directly to taxes owed by Plaintiff. (Plaintiff's Reply). Because Herren has not received any payment for his work at the district court level, the SSA is instructed to make payment directly to Herren. *See, e.g., Smith v. Berryhill*, 2017 WL 1501542 (N.D.Tex. April 6, 2017)(recommending that 406(b) fee be paid directly to the attorney, without requiring a refund to the plaintiff, when the EAJA fee was applied to the plaintiff's outstanding federal debt) *recommendation adopted,* 2017 WL 1494722 (N.D.Tex. Apr. 26, 2017).

It is further **ORDERED** that Plaintiff's counsel be awarded the sum of $4,394.75 in attorney's fees out of the past-due benefits paid to Calaforra pursuant to 42 U.S.C. § 406(b).

**SIGNED** at Houston, Texas, this 12th day of October, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**